THOMAS FITZGERALD, Complainant, v. FRANCIS M. HUNTER, Judge, Respondent.

**INTOXICATING LIQUORS:** Contempt—Unlawful Sales—Real Proprietor. Evidence reviewed on certiorari to review contempt proceedings, and *held* to establish (a) the unlawful sales of intoxicating liquors, and (b) that defendant was the real proprietor of the place in question.

*Certiorari to Wapello District Court.*—FRANCIS M. HUNTER, Judge.

TUESDAY, FEBRUARY 8, 1916.

THE complainant, having been adjudged guilty of contempt for violation of a liquor injunction, sued out a writ of certiorari for a review of the proceedings.—*Affirmed.*

*Lloyd L. Duke,* for complainant.

*Elmer K. Daugherty,* for respondent.

WEAVER, J.—In March, 1914, the complainant, Thomas Fitzgerald, was permanently enjoined from keeping or maintaining a liquor nuisance in the city of Ottumwa or elsewhere in that judicial district. In June, 1915, an information was filed by the county attorney, charging him with unlawfully keeping for sale and selling intoxicating liquors upon certain described premises in Ottumwa. Being thereupon cited to show cause why he should not be held in contempt, he appeared and denied the allegations of the information. Upon hearing the evidence, the trial court found and adjudged

said defendant (complainant herein) guilty of contempt as charged and for a review of said proceedings, the accused has sued out a writ of certiorari. The return made by the respondent shows the following:

The State offered no direct evidence of sales of liquor by the said Fitzgerald in person, but relied upon the proof of various circumstances as showing that the premises described were being kept and maintained as a place for the unlawful keeping for sale and selling of intoxicating liquors, and that Fitzgerald was the real proprietor or manager of the business. The property in question was commonly known as "The Log Cabin", and, until the business was prohibited in that city, had been kept and used as a liquor saloon. The liquor traffic having been prohibited in Ottumwa, the place was still kept open, ostensibly for the sale of cigars and tobacco. Appurtenant to the building were feed sheds and a barn. Fitzgerald had been in the liquor business until the same had been closed by the prohibitory act or ordinance. For a considerable period before the contempt proceedings were begun, he spent most of his time at and about the Log Cabin premises and was apparently the manager of the place. He was also seen behind the counter, waiting on customers and operating the cash register. The work about the sheds was looked after by one Kling and perhaps others, apparently acting as helpers, and there is evidence that Kling sold liquor there. All had the reputation of being bootleggers. Empty bottles abounded, as did boxes and crates described as "whisky cases", such as are used in shipping liquors. Under a manger was found a large tin or sheet-iron box sunk in the ground, and another in a small room, the entrance to which was by a blind door, operated by a rope from a distance. A few bottles of beer and other bottles with small quantities of whiskey in them were found on the premises. The empty bottles were bright and dustless, as if recently deposited there, and the pile visibly increased from day to day. Little crowds of men with a known thirst congregated there and hung about

the place. Men were "seen carrying bottles around that corner" and, according to the police, "some of the fellows over there" got "pretty full".

Testifying for himself, the complainant herein denies that he owns, manages or controls the "Log Cabin" premises, but says they have been leased from the owner by his brother, Ted Fitzgerald, who is a moulder working at his trade in the city, and who, so far as the testimony goes, has never visibly assumed possession or control of the property or business. Ted Fitzgerald was not called or examined as a witness.

The place is shown to have a very general reputation as a "bootlegging joint"; and, if appearances are to be trusted, its title to that reputation is unassailable. We have high authority for the proposition that "a leopard cannot change his spots", and it seems equally difficult for a blind tiger to long conceal its lair. The record also justifies the finding of the trial court, that Thomas Fitzgerald was the real proprietor and manager of the premises and responsible for the unlawful business there carried on, and we discern no ground on which to disturb the judgment. The writ of certiorari will, therefore, be dismissed, and the judgment of the district court—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.